UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

TERRY SMITH,

                Plaintiff,

v.

P.O. ROSSINI, DET. FRANK HERNANDEZ III,
CURTIS DUNN, WILLIAM DOYLE, and
TIMOTHY SINI,

                Defendants.

**ORDER**
19-CV-323 (MKB) (LGD)

-----------------------------------------------------------------

TERRY SMITH,

                Plaintiff,

v.

WILLIAM DOYLE and CURTIS DUNN

                Defendants.

19-CV-5941 (MKB) (LGD)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Currently before the Court is a sua sponte report and recommendation issued by Magistrate Judge Lee G. Dunst on July 18, 2025 recommending that the Court dismiss the above-captioned actions without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (the "R&R"). (R&R, *Smith v. Rossini*, No. 19-CV-323 (E.D.N.Y. July 18, 2025); R&R, *Smith v. Doyle*, No. 19-CV-5941 (E.D.N.Y. July 18, 2025).)

      For the reasons discussed below, the Court adopts the R&R in its entirety.

**I.   Background**

On January 16, 2019, Plaintiff Terry Smith, proceeding *pro se* and currently incarcerated at Queensboro Correctional Facility,[1] filed the first of seven related actions[2] against Defendants Police Officer Rossini, Detective Frank Hernandez III, Curtis Dunn, William Doyle, and Suffolk County District Attorney Timothy Sini alleging claims of false arrest, false imprisonment, and malicious prosecution pursuant to 42 U.S.C. § 1983 and New York state law.  (Action I Compl., Docket Entry No. 1.)  By Memorandum and Order dated November 30, 2020, the Court granted Defendants Rossini and Hernandez's and Sini's motions to dismiss for failure to state a claim.  (Memorandum and Order, Docket Entry No. 54.)  By Memorandum and Order dated January 6, 2021, the Court sua sponte dismissed Plaintiff's *in forma pauperis* action for failure to state a claim against Defendants Dunn and Doyle because Plaintiff did not allege they "acted under color of state law" or that their conduct was "attributable to the state," and granted Plaintiff leave to file an amended complaint within thirty days.  (Memorandum and Order, Docket Entry No. 59.)

On October 21, 2019, Plaintiff commenced the second of seven related actions against Defendants William Doyle and Chris Dunn pursuant to 42 U.S.C. § 1983.  (Action II Compl.)  On March 2, 2020, the Court sua sponte dismissed Plaintiff's *in forma pauperis* action because Plaintiff did not allege that Defendants "acted under color of state law" and Plaintiff failed to

---

[1]  (Order, *Smith. v. Rossini*, No. 19-CV-323 (E.D.N.Y. May 1, 2025).)

[2]  (Action I Compl., *Smith v. Rossini*, No. 19-CV-323 (E.D.N.Y. Jan. 16, 2019); Action II Compl. *Smith v. Doyle*, No. 19-CV-5941 (E.D.N.Y. Oct. 21, 2019); Action III Compl., *Smith v. Sini*, No. 21-CV-4541 (E.D.N.Y. Aug. 6, 2021); Action IV Compl., *Smith v. Doe*, No. 22-CV-17 (E.D.N.Y. Jan. 3, 2022); Action V Compl., *Smith v. Suprina M.*, No. 22-CV-2673 (E.D.N.Y. May 4, 2022); Action VI Compl., *Smith v. Troulakis*, No. 22-CV-3441 (E.D.N.Y. June 6, 2022); Pet. for Writ of Habeas Corpus, *Smith v. Boyd*, No. 24-CV-5111 (E.D.N.Y. July 15, 2024).)  The Court only addresses the two cases, *Smith v. Rossini* and *Smith v. Doyle*, that are before the Court.  Unless otherwise noted, the Court refers to the docket entries filed in Action I.

state a claim under section 1983. (Memorandum and Order 3–4, *Smith v. Doyle*, No. 19-CV-5941 (E.D.N.Y. Mar. 2, 2020).)

On March 5, 2021, the Court granted Plaintiff's request to "hold [his] case[s] in abeyance" while Plaintiff "pursue[d] a motion pursuant to New York Criminal Procedure law section 440.10 in state court." (Order dated Mar. 5, 2021; Order, *Smith v. Doyle*, No. 19-CV-5941 (E.D.N.Y. Mar. 5, 2021).) Plaintiff failed to comply with Judge Dunst's orders to file status reports as to his New York state action, (*see* Order dated Feb. 22, 2023; Order, *Smith v. Doyle*, No. 19-CV-5941 (E.D.N.Y. Feb. 22, 2023); Order dated Aug. 10, 2023; Order, *Smith v. Doyle*, No. 19-CV-5941 (E.D.N.Y. Aug. 10, 2023); Min. Entry dated Oct. 20, 2023; Min. Entry, *Smith v. Doyle*, No. 19-CV-5941 (E.D.N.Y. Oct. 20, 2023); Order dated May 1, 2025; Order, *Smith v. Doyle*, No. 19-CV-5941 (E.D.N.Y. May 1, 2025)), and also failed to keep the Court informed about his current address, (*see* Order dated Aug. 17, 2023; Order, *Smith v. Doyle*, No. 19-CV-5941 (E.D.N.Y. Aug. 17, 2023); Order dated May 1, 2025; Order, *Smith v. Doyle*, No. 19-CV-5941 (E.D.N.Y. May 1, 2025)). As of October 7, 2024, Plaintiff's state court appeal is still pending. (Order dated Dec. 19, 2024; Order, *Smith v. Doyle*, No. 19-CV-5941 (E.D.N.Y. Dec. 19, 2024).) In his May 1, 2025 Order, Judge Dunst directed Plaintiff to submit a status report in all of Plaintiff's pending cases by June 6, 2025, and noted that "[f]ailure to respond may result in dismissal of these actions for failure to prosecute." (Order dated May 1, 2025; Order, *Smith v. Doyle*, No. 19-CV-5941 (E.D.N.Y. May 1, 2025) (emphasis omitted).) Plaintiff did not respond.

Judge Dunst recommends dismissing Plaintiff's actions due to "Plaintiff's history of inactivity and failure to comply with Court orders," including Plaintiff's routine failure "to submit status reports in response to the orders or pursue th[ese] case[s] at all." (R&R.) Judge Dunst explained that "each of these cases has been pending for more than three years, with

3

Plaintiff failing to comply with court orders for *at least* five months," that "Plaintiff has shown no interest in prosecuting these cases," and noted that such "lengthy and inexcusable" delays "are clearly prejudicial to the Defendants." (*Id.*) Judge Dunst accordingly concluded that "dismissal is the appropriate and only adequate remedy" pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.*) On July 22, 2025, Defendants mailed a copy of the R&R to Plaintiff. (Copy of Documents Mailed dated July 22, 2025; Copy of Documents Mailed, *Smith v. Doyle*, No. 19-CV-5941 (E.D.N.Y. July 22, 2025).)

No objections to the R&R have been filed and the time for doing so has passed.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (internal quotation marks omitted) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Burke v. Hous. & Servs., Inc.,* No. 23-635, 2024 WL 2207054, at *1 (2d Cir. May 16, 2024) (quoting *Smith*, 782 F.3d at 102)*, cert. denied,* 145 S. Ct. 1962 (2025); *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule (quoting *Mario*, 313 F.3d at 766)); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate

4

judge's report waives further judicial review of the point." (internal quotation marks omitted) (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

**III.    Conclusion**

For the foregoing reasons, the Court dismisses Plaintiff's complaints without prejudice. The Clerk of Court is directed to close the above-captioned cases.

Dated:  September 2, 2025
       Brooklyn, New York

                                        SO ORDERED:

                                        _____s/ MKB_____
                                        MARGO K. BRODIE
                                        United States District Judge